CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 24 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ELMER L. BARLEY,<br>Petitioner, | Civil Action No. 7:08-cv-00369 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>Respondent. | By: James C. Turk<br>Senior United States District Judge |

Petitioner Elmer L. Barley, a Virginia inmate proceeding pro se, submitted to the United States District Court for the Eastern District of Virginia a pleading that he styled as a "Motion to Vacate Fraud Upon the Court," pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In this motion, Barley moves the court to invalidate and vacate the judgment entered against him on June 30, 1999, by the Circuit Court of Campbell County, Virginia, convicting him of attempted murder, use of a firearm in the commission of a felon, statutory burglary, possession of a firearm by a convicted felon, discharge of a firearm within a dwelling, and assault and battery against a family or household member. Barley asserts that the judgment must be vacated because counsel provided ineffective assistance before trial and committed fraud upon the court. Upon review of the record, the court concludes that this action must be construed and filed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and dismissed as successive.

Barley asserts that this court can revisit his criminal convictions under Fed. R. Civ. P. 60(b). This argument is without merit. The Federal Rules of Civil Procedure, including Rule 60(b), "govern the procedure in the United States district courts in all suits of a civil nature." See Rule 1. Rule 60(b) itself provides ground upon which a litigant may seek relief from a judgment or order entered by the federal district court in a federal civil case. As the orders that Barley wishes to vacate were not issued by a federal district court in a federal civil action, Rule 60(b) provides no ground upon which this court could grant Barley the relief he seeks.

Because Barley is asserting constitutional infirmities during his state trial proceedings, the

court construed his petition as one arising under § 2254. However, court records indicate that the Barley has previously filed a § 2254 petition concerning the same conviction, Civil Action No. 7:02CV00723.[1] Thus, the petitioner's current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because the petitioner has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 24th day of June, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[1] Barley's previous petition, docketed as the petition in Case No. 7:02-cv-00723, was set up on a form designed to assist inmates in filing for relief under § 2254.